UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARLON JAMES PETTIEWAY**  D.O.C. # 344538 | : | **DOCKET NO. 2:23-cv-00352**  **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **SUPERVISOR KERRY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is the original and amended civil rights complaints (doc. 5, 9, 10) filed pursuant to 42 U.S.C. § 1983, by Marlon James Pettieway, who is proceeding pro se and in forma pauperis in this matter. Pettieway is incarcerated at the Clay County Detention Center in Clay County, Missouri. At the time of filing, he was incarcerated at the Calcasieu Correctional Center ("CCC") in Lake Charles, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

According to plaintiff, on March 6, 2023, he was in his cell when he heard a "known violent inmate" telling a deputy to open his cell. Doc. 5, p. 4; doc. 9. The cell was opened and the inmate, who was not his cell mate and did not belong in his cell, entered, and began attacking him. *Id*.

As a result of the attack, plaintiff's teeth were knocked loose, and he suffered a gash in his lip that required stiches. *Id*.

He contends that Supervisor Kelly, Deputy Dofflemayer and Deputy Spurell were present in the tower when the inmate asked to open his cell. *Id*. He asserts that the defendants were deliberately indifferent in their failure to protect him. Doc. 9.

## II.
## LAW & ANALYSIS

### A. Frivolity Review

Pettieway has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained

of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Failure to Protect*

It is well settled that the Eighth Amendment's proscription against cruel and unusual punishment requires prison officials to protect inmates from violent attacks by other inmates. *Farmer v. Brennan*, 114 S. Ct. 1970, 1976 (1994). However, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety. *Id*. at 1977. In order for prison officials to be held liable under the Eighth Amendment for failure to protect, a prisoner must prove that the official knew of and disregarded an excessive risk to the inmate's safety; was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and also drew the inference; and failed to take reasonable remedial action. *Id*. at 1981-83. "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as infliction of punishment." *Id*. at 1979.

"Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Alton v. Tex. A & M Univ*., 168 F.3d 196, 201 (5th Cir. 1999). To reach the level of deliberate indifference, official conduct must be "wanton," which is defined to mean "reckless." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

To the extent that plaintiff is suing governmental officials in their individual capacities, he must allege specific conduct giving rise to a constitutional violation. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citing Anderson v. Pasadena Indep. Sch. Dist., 184 F.3d 439, 443 (5th Cir. 1999)). This standard requires more than conclusory assertions. The plaintiff must allege specific

facts giving rise to a constitutional violation. *Id*. (citing *Baker v. Putnal*, 75 F.3d 190, 194 (5th Cir. 1996)).

Plaintiff must amend to allege facts indicating that the named defendants each had specific knowledge that he faced a substantial risk of harm by the inmate that attacked him. He should state facts which indicate that each defendant acted wantonly or recklessly and with deliberate indifference. What was happening just prior to the attack? Did each defendant have prior knowledge of the attack? How long did the attack last? What prompted the attack to end?

### D. Calcasieu Correctional Center

Plaintiff names as defendant the Calcasieu Correctional Center. Under Federal Rule of Civil Procedure 17(b), the capacity to sue or be sued is governed by the law of the state where the court is located. Louisiana law provides that an entity does not possess such capacity unless it is a "juridical person." La. Civ. Code art. 24. Under Louisiana law, correctional centers and law enforcement offices or departments are not juridical entities. *See Franklin v. Mancuso*, 2018 U.S. Dist. LEXIS 102896 (W.D. La. April 23, 2018); *Durall v. Lafayette Police Dept*., 2011 U.S. Dist. LEXIS 143433, 2011 WL 6181387 at *1 n. 1 (W.D. La. Nov. 16, 2011); *Sipes v. City of Monroe*, 2013 U.S. Dist. LEXIS 46965, 2013 WL 1282457 at *3 (W.D. La. Mar. 28, 2013) (collecting cases). Plaintiff should dismiss this party.

## IV.
### CONCLUSION

Pettieway must amend his complaint to address the deficiencies described above, and to dismiss the parties that cannot be cured through amendment.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Pettieway at his last address on file.

**IT IS ORDERED** that Pettieway amend his complaint within **thirty (30) days** of the filing of this order to cure the deficiencies as outlined above. Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962). Pettieway is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 9th day of July, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE