UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARLON JAMES PETTIEWAY**<br>D.O.C. # 1308765 | : | **DOCKET NO. 2:23-cv-0352**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **SUPERVISOR KERRY, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by plaintiff Marlon James Pettieway, who is proceeding pro se and in forma pauperis in this matter. Pettieway is an inmate in the custody of the Louisiana Department of Corrections, currently incarcerated at the Clay County Detention Center in Liberty, Missouri. His claims arise out of incidents that allegedly occurred while he was incarcerated at the Calcasieu Correctional Center. He names the following as defendants: Supervisor Kelly, Dep Dofflemayer, Dep Spurell and the Calcasieu Correctional Center[1].

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

Plaintiff alleges that Supervisor Kelly, Dep Dofflemayer and Dep Spurell failed to protect him from an attack by a violent inmate. He also states that he wants to "sue the Calcasieu Correctional Center for the Deputies being responsible for the violent attack…" Doc. 9.

---

[1] Claims against Supervisor Kelly, Dep Dofflemayer and Dep Spurell are addressed in a separate order.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Pettieway has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Improper Party*

As plaintiff was notified by the Court in its July 9, 2023, Order, the Calcasieu Correctional Center ("CCC") is not a proper party to this suit. *See* doc. 14. Fed.R.Civ.P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether CCC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24. In Louisiana, correctional centers are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield,* 700 F. Supp. 863, 865 (M.D. La. 1988). In other words, the State of Louisiana has not granted juridical status to CCC. Plaintiff's suit against this non-juridical entity fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

## III.
### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that the Calcasieu Correctional Center be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of November, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE