UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MARLON JAMES PETTIEWAY**           **DOCKET NO. 23-CV-352**

**VERSUS**                           **JUDGE JAMES D. CAIN, JR.**

**SUPERVISOR KERRY, ET AL**          **MAGISTRATE JUDGE LEBLANC**

### MEMORANDUM ORDER

Before the court are plaintiff Marlon James Pettieway's motion to amend/supplement his complaint (doc. 44) and motion "for a joinder of parties and joinder of claims" (doc. 45). Through these motions, Plaintiff seeks by alternative means to accomplish the same objective—to add to this lawsuit several new defendants in connection with a new claim arising from an alleged illegal body search of Plaintiff by officials at the Calcasieu Correctional Center ("CCC"). *Id*. For the reasons stated below, **IT IS ORDERED** that the motions are **DENIED WITHOUT PREJUDICE**.

   I.   **BACKGROUND**

Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, currently incarcerated at CCC in Lake Charles, Louisiana. He originally filed suit on March 15, 2023, claiming that on March 6, 2023, defendants Dawn Spruell, Gabriel Dofflemeyer, and Brandon Kelly failed to protect him from an attack by a violent inmate and, as a result, he suffered injuries to his teeth and lip. Doc. 5.

Following dismissal of CCC from the suit (doc. 21, 27), summonses were issued as to the remaining defendants. Doc. 26. On February 1, 2024, defendants answered the suit. Doc. 28. On February 18, 2025, defendants filed a Motion for Summary Judgment, arguing that as Plaintiff

failed to exhaust his administrative remedies regarding the alleged incident that occurred on March 6, 2023, his suit should be dismissed. Doc. 37. This motion is presently pending before this Court.

Plaintiff filed the instant motions after allegedly experiencing an illegal body search at CCC. Plaintiff suggests the search was in retaliation for his filing this action originally. Doc. 45, att. 1, p. 2. He now seeks, by amendment or joinder, to add numerous new defendants to this action to pursue his claims arising out of this new incident. Docs. 44, 45.

## II.    LAW & ANALYSIS

This is a civil rights action brought by a state prisoner, pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"). Plaintiff is proceeding *pro se* and *in forma pauperis*. To commence a civil action under the PLRA, a prisoner "shall be required to pay" a filing fee even if afforded *in forma pauperis* status. 28 U.S.C. § 1915(b)(1). This fee provision was "designed to deter frivolous prisoner litigation in the courts 'by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees'." *Williams v. Roberts*, 116 F.3d 1126, 1127–28 (5th Cir. 1997) (quoting *Jackson v. Stinnett,* 102 F.3d 132, 136–137 (5th Cir.1996) (citation omitted)).

The PLRA also requires district courts to screen prisoner complaints "before docketing, if feasible or, in any event, as soon as practicable after docketing" to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b). In this regard, the so-called "three-strikes" provision of the PLRA prohibits a prisoner from bringing a civil action *in forma pauperis* in federal court "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This three-strikes rule is designed to limit meritless claims by litigious prisoners and focus judicial resources on those claims that evidence merit. *See Mitchell v. Goings*, 37 F.4th 169, 172 (5th Cir. 2022).

Finally, a prisoner wanting to bring a civil rights claim must first exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. . . . Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

In this case, Plaintiff seeks to add new defendants and new claims to his existing lawsuit. With respect to seeking an amendment, Federal Rule of Civil Procedure 15(a)(2) applies and states that the Court "should freely give leave when justice so requires." "However, it is by no means automatic." *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). "[T]he decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court." *Id*. When considering the appropriateness of an amended pleading a court must review several factors including (1) undue delay, (2) bad faith on the part of the movant, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) the futility of the amendment. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). Additionally, a plaintiff should not be allowed to amend when the amendment includes claims and defendants that are unrelated to the pending action. *See Verrette v. Webre,* 2009 U.S. Dist. LEXIS 22456, 2009 WL 591070 (E.D. La. Mar. 5, 2009) (denying leave to amend when the

proposed amendment was wholly unrelated to the facts of the original complaint); *see also Lewis v. Todd,* 2019 U.S. Dist. LEXIS 226070, 2019 WL 7811238, at *2 (E.D. La. Nov. 20, 2019); *Albarado v. City of Abilene*, 2016 U.S. Dist. LEXIS 52487, 2016 WL 1583772, at *6 (N.D. Tex. Mar. 18, 2016).

Likewise, the Federal Rules of Civil Procedure limit the joinder of claims and defendants in a civil action, including in a pro se prisoner action. Rule 18(a) controls the joinder of claims. In general, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Rule 20(a)(2) controls the permissive joinder of defendants. Under Rule 20(a)(2),

> Persons . . . may be joined in one action as defendants if
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

While the Court does not believe that Plaintiff is acting in bad faith, the new claim he seeks to raise involves different defendants, different facts, different issues, a different time period and different proof. As such, neither of his motions comports with the applicable Federal Rules of Civil Procedure. *See Valdez v. Dretke*, No. CIV.A. H-04-2038, 2007 WL 2177007, at *9 (S.D. Tex. July 26, 2007) ("By naming multiple defendants and including numerous transactions, Valdez's amended complaint does not comport with Rule 18 and Rule 20 of the Federal Rules of Civil Procedure. *See* 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1583 (2d ed.1990) (noting that, under Rules 18(a) and 20, if the claims arise out of different transactions and do not involve all defendants, joinder should not be allowed) . . . ."). Moreover, requiring Plaintiff to assert these unrelated claims against different

defendants in separate complaints avoids unduly cumbersome litigation, while preserving the considered and legitimate purposes of the PLRA. *See Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998) (acknowledging that the PLRA's three-strikes rule should not be "circumvented by the creative joinder of actions"); *Cox v. LeBlanc*, 2010 U.S. Dist. LEXIS 137867, 2010 WL 5525076, at *3 (E.D. La. Dec. 9, 2010) (rejecting joinder of "unrelated claims against different defendants" to "ensure[] that prisoners pay the required filing fees under the Prison Litigation Reform Act."); *Edwards v. Solis*, No. 7:20-CV-00060, 2020 WL 13789342, at **12-13 (S.D. Tex. Oct. 15, 2020), *report and recommendation adopted*, No. 7:20-CV-060, 2021 WL 135873 (S.D. Tex. Jan. 14, 2021).

For these reasons, the Court finds that Plaintiff's motion to amend/supplement his complaint (doc. 44) and motion "for a joinder of parties and joinder of claims" (doc. 45) should be denied. If Plaintiff intends to bring separate claims against different defendants, he may do so in a separately filed lawsuit.

### III. CONCLUSION

Based on the foregoing, **IT IS ORDERED** that the motion to amend/supplement complaint (doc. 44) and motion "for a joinder of parties and joinder of claims" (doc. 45) is **DENIED WITHOUT PREJUDICE**.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 4th day of September, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE