**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**MARLON JAMES PETTIEWAY**　　　　　**DOCKET NO. 2:23-cv-0352**
　　　　　　　　　　　　　　　　　　　　　　　**SECTION P**

**VERSUS**　　　　　　　　　　　　　**JUDGE JAMES D. CAIN, JR.**

**SUPERVISOR KERRY, ET AL**　　　　**MAGISTRATE JUDGE LEBLANC**

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is an unopposed Motion for Summary Judgment filed on February 18, 2025, pursuant to Rule 56 of the Federal Rules of Civil Procedure by the defendants, Dawn Spruell, Gabriel Dofflemeyer, and Brandon Kelly.  Doc. 37.  The defendants seek dismissal of the Complaint filed by pro se plaintiff Marlon James Pettieway ("Pettieway").   The motion is now ripe for review.

The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the following reasons, **IT IS RECOMMENDED** that the defendants' Motion for Summary Judgment (doc. 37) be **GRANTED**.

**I.　　BACKGROUND**

Plaintiff alleges that on March 6, 2023, defendants Dawn Spruell, Gabriel Dofflemeyer, and Brandon Kelly failed to protect him from an attack by a violent inmate and, as a result, he suffered injuries to his teeth and lip.  Doc. 5.

At the time of the incident complained of, plaintiff was booked into the Calcasieu Correctional Facilities[1], and, according to Christopher Domingue, Assistant Warden of the

---

[1] *See* doc. 37-3, Booking Card.

Calcasieu Parish Correctional Facilities, at all times pertinent hereto, there were administrative remedies (Grievance Procedures) in place at the Facilities. Doc. 37-4. According to Domingue, there are no Calcasieu Correctional Center records reflecting that Pettieway completed the Inmate Grievance Process regarding the alleged incident which is the subject of the instant lawsuit. *Id*. Specifically, inmate Pettieway failed to appeal a level two decision to a level three as required by the outlined administrative procedures. *Id*.

Plaintiff's Complaint does not allege that he exhausted administrative remedies, nor did he file an opposition to the instant motion[2].

## II.    LAW & ANALYSIS

### a.    Standard of Review

In reviewing a motion for summary judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Taita Chemical Co., Ltd. v. Westlake Styrene Corp*., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); *see also Provident Life and Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). There is no "genuine issue" when the record

---

[2] In his June 27, 2025 "Motion to Order Answer," plaintiff confirms that he is aware of the pending motion for summary judgment, complaining that the defendants filed same "in lieu of answering his complaint." Doc. 46.

taken as a whole could not lead a rational trier of fact to find for the nonmovant. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n. 3 (5th Cir. 1995) (quoting *Hibernial Nat'l Bank v. Administracion Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir. 1985)). Failure to file an opposition and statement of contested material facts, however, results in the court deeming statements of uncontested material facts admitted for the purposes of the motion. Local Rule 56.2.

### b.    Analysis

In their motion for summary judgment, defendants argue that plaintiff failed to exhaust his administrative remedies regarding the alleged incident that occurred on March 6, 2023. The PLRA, as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory in cases covered by § 1997e(a). *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*. at 532.

Under Louisiana law, the Louisiana Department of Corrections and each sheriff are authorized to adopt an administrative remedy procedure at each of their institutions. La. R.S.

15:1171. The administrative remedy procedure is intended to resolve complaints and grievances that arise while the offender is in the custody of, or under the supervision of the department or sheriff. *Id*. The procedure encompasses complaints and grievances for monetary, injunctive, declaratory, or other relief stemming inter alia from conditions of confinement, personal injuries, and medical malpractice. *Id*. These administrative procedures, when promulgated, provide the offender's exclusive remedy — to the extent that federal law permits. *Id*.

In support of their Motion for Summary Judgment, the defendants submit the affidavit of Christopher Domingue, Assistant Warden of the Calcasieu Parish Correctional Facilities, to establish the grievance process in effect at the Calcasieu Correctional Center during the relevant time frame. Doc. 37-4. Attached as an exhibit to the Assistant Warden's affidavit is a copy of Policy #610, the Grievance Procedure. *Id*. at pp. 3-6. According to Domingue, there are no Calcasieu Correctional Center records reflecting that Pettieway completed the Inmate Grievance Process regarding the alleged incident that is the subject of the instant lawsuit. *Id*. Specifically, Pettieway failed to appeal a level two decision to a level three as required by the outlined administrative procedures. *Id*.

### III.    CONCLUSION

**IT IS RECOMMENDED** that the defendants' Motion for Summary Judgment (doc. 37) be **GRANTED** and the instant matter be **DISMISSED WITHOUT PREJUDICE**[3].

**IT IS FURTHER RECOMMENDED** that all pending motions be **DENIED** as **MOOT.**

---

[3] Although plaintiff's suit is dismissed without prejudice, the dismissal is with prejudice to his right to re-fie *in forma pauperis*. See *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (overruled by implication on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)). Accordingly, if plaintiff exhausts his administrative remedies with respect to the instant claim, he may present these § 1983 claims again but may not proceed *in forma pauperis* to do so. Of course, administrative exhaustion requires "proper" exhaustion, i.e., compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81 (2006). At this point, plaintiff's delay effectively may foreclose his ability to properly exhaust available administrative remedies, depending on the requirements of the facility's grievance policy.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 22nd day of September, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE