**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **MARLON JAMES PETTIEWAY D.O.C. # 1308765** | **DOCKET NO. 2:23-cv-0352 SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SUPERVISOR KERRY, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

**CORRECTIVE MEMORANDUM ORDER**

This order corrects and replaces the Memorandum Order docketed in error at ECF No. 65, which is hereby **VACATED**.

Marlon James Pettieway, proceeding *in forma pauperis*, filed a civil complaint in this Court pursuant to 42 U.S.C. § 1983 alleging a violation of the Eighth Amendment of the U.S. Constitution. Doc. 3. He has previously filed motions for the Court to appoint him counsel (docs. 23, 40, 45, 47) which the Court denied for failure to demonstrate exceptional circumstances warranting appointment of counsel (docs. 30, 51). This Court later dismissed Pettieway's claims against the Calcasieu Correctional Facility with prejudice (doc. 27) and dismissed the remaining claims without prejudice for failure to exhaust administrative remedies (doc. 54). Plaintiff filed a Notice of Appeal. Presently pending before this Court are plaintiff's Motions to Appoint Counsel on Appeal. Docs. 58, 62.

"Generally, when an appeal is taken, the district court is divested of jurisdiction except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a)." *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1407 n.3 (5th Cir. 1994). Because the issue of whether the Court should appoint counsel to assist Pettieway in prosecuting his appeal is an "action in aid of the appeal," the Court retains jurisdiction to consider his requests. *See id.*

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally, no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. In the case of *Mallard v. United States District Court for the Southern District of Iowa*, 109 S. Ct. 1814, 1818 (1989), the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Fifth Circuit Court of Appeals has provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." *See Parker v. Carpenter*, 978 F.2d 190 (5th Cir. 1992) (citing *Murphy v. Kellar*, 950 F.2d 290, 293 n.14 (5th Cir. 1992)); *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242.

After reviewing his request, the Court once again finds that Pettieway's claims are not atypical of those often asserted in civil rights litigation and are not complex. Further, he has not shown himself to be unable to represent his own legal interests. *See Lozano v. Schubert,* 41 F.4th 485, 492-493 (5th Cir. 2022); *Brown v. Tarrant County, Texas*, 985 F.3d 489, 499 (5th Cir. 2021).

Accordingly,

**IT IS ORDERED** that Marlon James Pettieway's requests for appointment of counsel on appeal (docs. 58, 62) are **DENIED**, as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel.

**SO ORDERED** at Lake Charles, Louisiana, this 20th day of August, 2026.

**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**